[No. 11553.    Department One. — October 25, 1887.]

IN THE MATTER OF THE ESTATE OF GEORGE SCHEDEL,
DECEASED.

WILL— CHILDREN WHEN CONSTRUED TO MEAN GRANDCHILDREN. — A tes-
tator by his will, after devising the net income of his estate to his
brother for life, bequeathed to each of the children of his deceased sister
the sum of two thousand dollars, to be paid them when they should have
arrived at majority, or as soon thereafter as his brother should die. The
will further provided that if the children of his sister should die before
the death of the brother, leaving lawful issue, such issue should receive
their parent's share. At the time the will was made, the sister had been
dead for forty-two years, and the last of her children for seven years,
and the testator knew of their deaths. One of her children left issue
who were minors when the will was made. *Held,* that the word " chil-
dren," in the bequest to the children of his sister, should be construed to
mean " grandchildren."

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco distributing the estate
of a deceased person.

The facts are stated in the opinion.

*Matt. I. Sullivan, William I. Booth,* and *Marcus Rosenthal,* for Appellants.

*S. W. Holladay,* for Respondent.

Belcher, C. C. — George Schedel duly executed his last will on the ninth day of April, 1878, and died on the twenty-second day of the same month. ˙ In the will he uses the following language: —

" I hereby direct my said executors to pay to my said brother, Claus Schedel, all the net interest, income, and revenue, of all and singular my estate, and the property left by me, during the term of his natural life, to be paid to him by my said executors monthly.   On the death of my said brother, Claus Schedel, I give and bequeath, —

" First. To each of the children of my said brother, Claus Schedel, the sum of two thousand dollars, gold coin; and

" To each of the children of my deceased sister, Elizabeth Rosenbohm, *nee* Schedel, late of Loven, near Boemerlehe, Germany, the sum of two thousand dollars, gold coin; and to be paid to them when he, she, or they shall have arrived at the age of majority, or as soon thereafter as my said brother, Claus Schedel, should die; and if either of the children of my said brother or sister shall have died before the death of my said brother, Claus Schedel, leaving lawful issue, such issue to receive the parent's share."

The residue of the estate was given to certain charitable or benevolent societies, but the bequests failed, because the testator died within thirty days after executing his will.

The testator was never married, and his parents both died before he did.

Claus Schedel died on the second day of February, 1885, and left surviving him two sons and a daughter, and one grandchild, the son of a daughter who died in 1874.   The sons and daughter were past the age of ma-

jority when the will was executed, but the grandchild was then under age.

The sister, Elizabeth Rosenbohm, died in March, 1836, and the testator knew when he made his will that she died in that year. She left surviving her one daughter and two sons, named John and George Rosenbohm. The daughter died in 1845 at the age of thirteen, without issue. John married, and had one son, named John George. John died in San Francisco, in December, 1869, and the testator knew of his death, and attended his funeral. John George died in San Francisco, in October, 1870. George Rosenhohm, the other son of Elizabeth, married in New Orleans, and died there in February, 1871. He left surviving him four children, the issue of his marriage, named respectively Henry Andrew, Amelia, and Johanna Rosenbohm, all of whom were minors when the testator's will was executed, but are now of age, and living.

When the estate was ready for distribution, the above-named grandchildren of the testator's sister, Elizabeth, claimed that they were entitled, under the will, to have two thousand dollars distributed to each one of them. The court thought otherwise, and distributed to each one of them only five hundred dollars, or in the aggregate two thousand dollars. They appealed from the decree, and now insist that the word "children," as used in that clause of the will reading, "To each of the children of my deceased sister," etc., should be construed to mean "grandchildren."

It has been held that grandchildren, and even great-grandchildren, may sometimes take under a will giving bequests to "children." Chancellor Walworth states the law upon this subject as follows: "As a general rule, the testator must be presumed to have used words in their ordinary or primary sense, unless it appears from the context of the will that he probably used them in some other sense; or unless by reference to extrinsic circum-

stances, the use of the words in their primary sense would render the provision of the will insensible or inoperative. (Wigram on Wills, 20.) The word 'children,' in common parlance, does not include grandchildren, or any others than the immediate descendants in the first degree of the person named as ancestor. But it may include them where it appears there were no persons in existence who would answer to the description of children in the ordinary sense of the word at the time of making the will; or where there could not be any such at the time or in the event contemplated by the testator; or where the testator has clearly shown, by the use of the other words, that he used the word ' children ' as synonymous with descendants, or issue, or to designate or include illegitimate offspring, grandchildren, or stepchildren." (*Mowatt* v. *Carow*, 7 Paige, 339; S. C., 32 Am. Dec. 641.)

Judge Redfield also states the rule as follows: "The word ' children,' as well as all other similar descriptive terms of classes or relatives, it will be borne in mind, must always be understood, in wills, in its primary and simple signification, where it can be done; in short, where there are any persons in existence at the date of the will, or before the devise or legacy takes effect, answering the meaning of the term.

"And where the term ' children ' has received a larger and more extended construction, as synonymous with ' issue,' it has generally been based upon something in the will, unless it resulted, as already intimated, from the fact that there were no children in existence. And where, from the construction of the whole clause, it can be made to appear that the testator meant by ' children' to include children and the issue of such children as were deceased, that construction will be adopted. Hence the term ' children ' has been held to include, in that way, all the descendants of the person named. And there are numerous American cases wherein it has been

held that grandchildren and great-grandchildren will take under a bequest to children, whenever that is necessary in order to give effect to the words of the will, or that appears to have been the evident intention of the testator." (Redfield on the Law of Wills, part 11, p. 336; see also 1 Roper and White's Law of Legacies, 68.)

What did the testator in this case mean by the words " children of my deceased sister "?   His sister died forty-two years, and the last of her sons seven years, before he made his will.   There were at that time, then, no persons in existence who were children of his sister in the ordinary sense of that word, and could be none when the legacies would take effect.   He also made the legacies payable to the children of his sister " when he, she, or they shall have arrived at the age of majority."   But he knew that his sister died in 1836, and must have known, therefore, that her children, if living, could not be under the age of majority in 1878.   It is suggested by counsel for respondent that the requirement that these legacies be paid when the legatees " shall have arrived at the age of majority," is obviously misplaced by inadvertence; that it should have come in at the *end* of the paragraph quoted.   But we are unable to see that there was any obvious misplacement.   Courts construe wills as they are written, and are not authorized to transpose their provisions, and thereby change their meaning and import.

The will also provides that if either of the sister's children " shall have died before the death of my said brother, Claus Schedel, leaving lawful issue," such issue should receive the parent's share.   The words "shall have died " import a death occurring after the date of the will.   But the testator knew of the death of one of his sister's sons in 1869, for he attended his funeral, and must be presumed to have known, seven years after it occurred, of the death of the other one.

Taking, then, the whole will, and looking at all of its provisions in the light of the well-settled rules of law, it

seems to us that the word " children," as used by the testator in describing the issue of his deceased sister, should be construed to mean "grandchildren."

It follows that the decree of distribution should be reversed, and the cause remanded for further proceedings in accordance with this opinion.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the decree of distribution is reversed, and cause remanded for further proceedings in accordance with the views expressed therein.