### ESTATE OF JULIA J. FITZGERALD, DECEASED.
[No. 91,287; decided May 6, 1899.]

**Word "Heirs" not Technically Construed in Will.**—The word "heirs" in a testamentary instrument will not be construed technically, if the intention of the testator as disclosed by the context will thereby. be defeated and a portion of the will rendered inoperative.

**Remainders—When not Based on Double Contingency.**—Under a will which reads: "I give to my daughter all the property of which I die seised, remainder to the heirs of her body in fee simple, but in the event of her death without surviving heirs of her body, I direct said remainder to be distributed to my heirs then surviving according to the law of descent at the date of. my daughter's death," the remainders cannot be attacked as invalid on the ground that the contingencies on which they depend are double or constitute a possibility upon a possibility; they are alternate, and respectively depend on only one contingency.

Jones and O'Donnell, for petitioner.

John B. Carson, for certain heirs.

Augustus Tilden, for the executor.

### THE FACTS.

Petitioner is the only child and heir at law of the deceased. She had not, at the time of the death of deceased, and has not, any heirs of her body.

Deceased left a will, of which the part pertinent to this inquiry is as follows:

"I give, devise and bequeath unto my beloved daughter, Anna Josephine Fitzgerald (Lee), for her natural life, all the real and personal property of which I die seised and possessed, remainder to the heirs of the body of said Anna Josephine Fitzgerald in fee simple, but in the event of her death without surviving heirs of her body, I direct that said remainder be distributed to my heirs then surviving according to the law of descent and distribution in force in the State of California at the date of my said daughter's death."

By her petition for partial distribution, which affects one of the two parcels of real property belonging to the estate, petitioner asks the court to adjudge that the foregoing provision is in effect an absolute devise, and, to that end, to hold that the remainders therein created are void.

The executor and the parties represented by Mr. Carson insist upon the entire validity of the will.

### SUMMARY OF PETITIONER'S ARGUMENTS.

Petitioner's arguments may be summarized as follows:

1. The second remainder is void because it is in effect a devise to petitioner for life, remainder to petitioner in fee, which is tantamount to the disposition in the first instance of the absolute fee.

2. The first remainder is void because it contains a provision in restraint of marriage.

3. Both remainders are void because of the "double contingency," or "possibility upon a possibility."

THE FIRST POINT

involves the construction of the words "my heirs then sur-
viving," as used in the foregoing provision. Petitioner con-
tends that no such remaindermen do or can exist, for the
reason that, she being testatrix's heir, no one of remoter
degree of kinship can be her heir.

It is impossible to deny the force of this construction, pro-
vided the word "heirs" be technically construed and the tes-
tatrix's manifest intention ignored, for it is manifest from the
context that by the word "heirs" she meant collateral rela-
tives. So to hold will be to render the paragraph wholly
inoperative, contrary to the provisions of Civil Code, section
1325, which directs that "the words of a will are to receive
an interpretation which will give to every expression some
effect, rather than one which will render any of the expres-
sions inoperative."

A TECHNICAL CONSTRUCTION.

From the earliest times courts have refused to approve the
construction. contended for by petitioner. At common law,
when a remainder was limited by deed to the heirs of A (A
being in being), the maxim, "Nemo haeres viventis est,"
operated to render the remainder void. When the same re-
mainder was limited by will, the maxim was ignored in favor
of the manifest intention of the testator. So when land was
deeded to A for life, remainder to the heirs female of his
body, and he died leaving a son and a daughter, the remainder
failed, because, as the son was the heir, the daughter could
not answer to the description of both female *and* heir. Con-
trary, when the limitation was by will, which was a case par-
allel with the one at bar: Coke's Littleton, 24 b.

RIGID CONSTRUCTION NOT WARRANTED.

Even were the court inclined to greater rigidity of con-
struction than that. laid down at so early a date, and thence
steadfastly adhered to, the statute would not warrant it.

Technical words in a will are to be taken in their technical
sense, unless the contest clearly indicates a contrary inten-

tion: Civ. Code, sec. 1327. Technical words are not necessary to give effect to any species of disposition by will: Civ. Code, sec. 1328.

"When applying a will it is found that . . . . no person . . . . exactly answers the description, mistakes . . . . must be corrected, if the error appears from the context of the will:" Civ. Code, sec. 1340.

Accordingly "money" has been held to include "real property": Estate of Miller, 48 Cal. 165, 22 Am. Rep. 422. And, more in point, "children" has been held to designate "grandchildren": Estate of Schedel, 73 Cal. 594, 15 Pac. 297; Rhoton v. Blevin, 99 Cal. 645, 34 Pac. 513. Similarly, in other states, "bequeath" held to mean "devise": Dow v. Dow, 36 Me. 216; Estate of Fetrow, 58 Pa. 427. And where a reservation would have been void because repugnant to estate devised, construed, an executory devise, to effectuate the manifest intention of the testator: Homer v. Sheldon, 2 Met. 194.

Counsel for petitioner do not question that the intention of testatrix was other than the word "heirs," technically construed, implies, and I am satisfied that such intent, when so clearly disclosed by the context, should, against the alternative of total intestacy as to the second remainder, be permitted to prevail.

### THE SECOND POINT

raises the question of the validity of the first remainder, counsel's contention being that it is void because in restraint of marriage. Say they: "We claim that because petitioner gets the life estate and the second remainder under the will if she marries and has issue surviving her, but if she does not marry and have issue, then she must necessarily, as devisee and heir, get the whole fee, therefore, the fact of marriage and having issue is in the nature of a penalty, because by so doing the estate goes to somebody else."

As this contention assumes the invalidity of the second remainder, contrary to the views above expressed, it must be overruled. But were the second remainder void, it would seem that the contemplation of the estate falling to strangers, instead of to her own issue, would hasten any properly con-

situted person to the altar rather than frighten her there-
from.

### THE THIRD POINT

is aimed at the validity of both remainders, on the ground
that the contingencies on which they depend are "double,"
or constitute a "possibility upon a possibility."

The feature of the death of petitioner may be eliminated,
because it is not a "contingency"; it marks the certain ter-
mination of the particular estate and vesting of the remainder.

The contingency on which the first remainder is limited
is the existence of heirs of petitioner's body at the time of
her death.

The contingency on which the second remainder is limited
is the existence of collateral relatives ("my heirs then sur-
viving") of the testatrix, who shall be testatrix's descendants
under canons of descent prevailing at petitioner's death, and
who shall survive petitioner.

Petitioner claims duplicity in this: the petitioner's death,
without issue, is one contingency, whilst the probability or
possibility that the law of descent at her death may be differ-
ent from what it was at testatrix's death, is a second contin-
gency.

### THE VIEW TAKEN BY THE COURT.

Each remainder stands alone, and should be construed with-
out reference to the other, as though it alone existed, for the
remainders are alternate.    Counsel have fallen into the error
of confounding the contingency peculiar to one with the con-
tingency peculiar to the other, and of applying both contin-
gencies to both remainders and to each indiscriminately.
The court takes the view that the first contingency marks the
vesting of the first remainder; the second contingency marks
the vesting of the second remainder.    The two remainders
depend upon contingencies "entirely independent of each
other," to use the language of counsel for petitioner, but they
respectively depend only upon one contingency—the sur-
vival of a person competent to take.

### CONFORMABLE WITH COMMON LAW AND CODE.

This manner of disposing of future interests is conformable
with the common law and with the provisions of the code.

The statutory rule is, Civil Code, section 767: "A future estate may be limited by the act of the party to commence in possession at a future day, either without the intervention of a precedent estate, or on the termination, by lapse of time or otherwise, of a precedent estate created in the same."

This, and other sections not necessary to be here cited, are simply declaratory of the common law, although they have the effect of abolishing executory devises, eo nomine, and of clothing remainders with qualities formerly peculiar to executory devises.

### ALTERNATIVE REMAINDERS.

And concerning alternative remainders, the Civil Code, section 696, provides: "Two or more future interests may be created to take effect in the alternative, so that if the first in order fails to vest, the next in succession shall be substituted for it and take effect accordingly."

In the present case, should "the first in order (the remainder to Anna's issue) fail to vest," where will the "next in succession" vest? Not necessarily in the persons who, had petitioner predeceased testatrix, would, under section 1386 of the Civil Code, have been testatrix's heirs; but, necessarily, in the persons who, under that or any superseding section of law in existence at the time of Anna's death, shall be the "heirs then surviving" of testatrix.

### NO DIFFICULTY IN THE DETERMINATION.

Applying this test, there will be no difficulty in determining who, as alternating beneficiary with Anna's issue, should succeed to the remainder.

The executor's counsel claim that, even though the remainders be void, the life estate is not thereby enlarged, as a clear devise of an estate for life cannot be defeated by an uncertainty as to what may come after the death of the life-termer. It is not necessary for the court to decide this point, inasmuch as it has taken the view that the remainders are valid.

The demurrer to the petition for partial distribution should be sustained, and it is so ordered.