## Wetherill's Estate.

*Wills—Vested and contingent estate—"Have"—"Leave"—Children.*

Where an estate is given to a life tenant with remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children, and this without regard to the question of whether or not a child survives the life tenant.

Testatrix bequeathed her estate to a friend for life, and "after the death of my friend, I give and bequeath to my niece the sum of forty thousand dollars during her life, and at her death to go to her children, if she have any, and if not, to her natural heirs." The niece died having had two sons, one of whom survived her. The first life tenant died after the niece. *Held,* that estates in remainder were vested in the two sons as they were born, and that the administrator of the deceased son was entitled to one-half of the estate in remainder.

Argued Jan. 12, 1906. Appeal, No. 337, Jan. T., 1905, by Leiper Janeway Hodge, by his guardian, from decree of O. C. Phila. Co., Jan. T., 1893, No. 462, dismissing exceptions to adjudication in estate of Rachel Wetherill, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Joseph T. Bunting*, of *Hannis, Williams & Bunting*, for appellant.—Alternative remainders, dependent on the same event, never vest until the event occurs on which they are to take effect: Dunwoodie v. Reed, 3 S. & R. 435; Buzby's Appeal, 61

Pa. 111 ; Goddard v. Goddard, 10 Pa. 79 ; Melsheimer v. Gross, 58 Pa. 412 ; Stump v. Findlay, 2 Rawle, 168.

But the appellant has another ground for his contention, viz.: That the meaning and intention of testatrix were, that the remainder should should go to children the life tenant should leave at her death, and appellant was then her only child and entitled to the whole legacy of $40,000, and not to half of it, as the court below has decreed : Woelpper's App., 126 Pa. 562 ; Mulliken v. Earnshaw, 209 Pa. 226 ; Rudy's Estate, 185 Pa. 359 ; Raleigh's Estate, 206 Pa. 451 ; Reed's Estate, 10 Pa. Dist. Rep. 162 ; Adam's Estate, 208 Pa. 500 ; Bartholomew's Estate, 155 Pa. 314.

*Frank P. Prichard*, with him *John G. Johnson*, for appellee. —The general rule in Pennsylvania is well settled that where an estate is given to a life tenant, with remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children, and is not contingent upon whether the child survives the life tenant : Minnig v. Batdorff, 5 Pa. 503 ; Evans's Estate, 155 Pa. 646.

OPINION BY MR. JUSTICE POTTER, February 26, 1906 :

Rachel Wetherill bequeathed and devised the residue of her estate to her friend, Anna M. Peters, for life, and in the eighth clause of her will provided as follows : " After the death of my friend Anna M. Peters, I give and bequeath to my niece Rachel W. Janeway, the sum of forty thousand dollars during her life, and at her death to go to her children, if she have any, and if not, to her natural heirs, free of all taxations." The testatrix died October 27, 1892. Her niece, Rachel W. Janeway, married Thomas L. Hodge, January 9, 1894. She had two children, Thomas L. Hodge, Jr., who was born June 9, 1895, and died June 17, 1895, in the lifetime of his mother, and Leiper Janeway Hodge, who was born August 25, 1896, and is still living. Anna M. Peters, the first life tenant, died February 6, 1904, after the death of Rachel W. Janeway Hodge. Upon the audit of the account of the executors of Rachel Wetherill, deceased, the guardian of Leiper Janeway Hodge claimed the entire principal of the fund held under the eighth

clause of the will contending that the interests of the children of Mrs. Hodge did not vest until the death either of Anna M. Peters or of Mrs. Hodge. In either case, under their contention, the sole surviving child would take the entire fund. The auditing judge held that the interests of the children of Mrs. Hodge vested immediately upon their birth, and awarded one-half the fund to the administrator of Thomas L. Hodge, Jr., deceased. This adjudication was afterwards confirmed by the court in banc.

The single question raised here is whether, under the will of Rachel Wetherill, the children of Rachel W. Janeway Hodge took at the time of their birth, a vested or a contingent interest in the fund given to their mother for life, with remainder to her children. It is clear that, in making her will, the testatrix had in mind the birth of children to her niece, for she provided distinctly that the amount of money which was set apart for the use of her niece, Rachel Janeway, during her life, should at her death go to her children "if she have any, and if not, to her natural heirs." The event upon which the alternative remainder over depended, was not the death of the niece, but it was the existence of children. The objects of the testatrix's bounty were the children if any, that her niece should have, and therefore as soon as a child came into being, the remainder vested, although it could not take effect in possession until after the death of the life tenant.

Counsel for appellant in this case would have us construe the word " have " as if it were " leave," in order to prevent the estate from vesting in the children at birth. In support of this contention, they cite a number of cases in which wills contained phrases indicating an intention to give a contingent remainder only to such children as should survive the life tenant. For instance, in Dunwoodie v. Reed, 3 S. & R. 435, the devise was to a daughter for life, and at her decease to " John Dunwoodie, if alive at her death." And in Buzby's Appeal, 61 Pa. 111, the devise was to the children " that shall then be living." And so in other cases cited there was in each some similar expression, such as " if they leave such issue," or to those " then living," or the " survivors," etc., clearly indicating an intention to limit the gift to those living at a certain time. But no authority has been cited in which words similar to those used

by the testatrix have been construed to limit the remainder to such children only as should survive the life tenant. On the other hand, ample authority is found in support of the proposition that where an estate is given to a life tenant, with remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children, and this without regard to the question of whether or not a child survives the life tenant.

Thus in Fetrow's Estate, 58 Pa. 424, testator devised real estate to Matilda Wilson for life, and " at her death I give, devise and bequeath the same unto her children, their heirs and assigns forever. . . . Should the said Matilda Wilson, however, die without issue as aforesaid, then and in that event I direct that the real estate here bequeathed to her shall be sold," and the proceeds otherwise divided. In construing this will, Mr. Justice SHARSWOOD said (p. 427) : " Matilda Wilson under the will took an estate for life, with a contingent remainder to her children then unborn, which if there had been children, would have vested in them, in the first child alone, and opening from time to time to let in others as they were born, until the whole class became finally ascertained by her death : 1 Fearne on Rem. 313, 314. The subsequent limitation was an alternative one, to take effect on the event of her death without children ; Luddington v. Kime, 1 Lord Raym. 203." This language seems particularly applicable to the case now in hand, the only difference being in the fact that in the case just cited the life tenant died without having had any children, so that the alternative devise, which depended upon that contingency, went into effect. In the present case, the life tenant did have children, so that the contingency under which the alternative limitation was to take effect, does not arise.

Then again, in Anthracite Savings Bank v. Lees, 176 Pa. 402, the same doctrine is stated and is thus summed up in the syllabus : " Where a devise is to one for life, with remainder in fee to his children, the estate in remainder is contingent, while there are no children born, and while it cannot be known that there ever will be any born ; but the moment that children are born, there is no longer any contingency, because the condition of the devise is met, and the estate in remainder becomes necessarily vested, and the fact that it may be opened to let in

after-born children, does not make the estate in remainder contingent."

We see no reason why we should attempt to broaden the language of the testatrix in this case, or give to it any forced construction. This we would have to do, were we to support the contention of appellant and interpret the language of testatrix as imposing the condition that the niece should not merely " have " children, but that she should have them living at the time of her death.

We are not convinced that the word " have " was used by the testatrix in the sense of " leave." No authority for any such construction has been cited for appellant, nor has any case supporting such a view been found. Counsel for appellant have cited a number of cases to the effect that a husband takes no interest in the property of his wife which has not been reduced to possession during her lifetime, and that husband and wife are not " heirs " of one another. These propositions of law are well settled, but they would seem to have no proper application here. The award is not to the husband as such, but it is to the administrator of the estate of the deceased child.

The assignments of error are dismissed, and the decree of the court below is affirmed.