## Kline's Appeal. Seibert's Estate.

86 363
167 601
86 363
190 512
86 363
34 SC 357

1. A testator provided in his will that C. should be one of his residuary legatees, and directed that her share should be held by his executors to pay the interest to her for life, and after her death bequeathed the principal to K. In a codicil he provided, "I give and bequeath to K. the sum of $500, * * * and what I have heretofore bequeath in my will to K. shall be null and void, and that he shall have not more, as I bequeath in my codicil, the annual interest of K. shall be paid to C., and after her death the principal to K." By a second codicil $500 additional were bequeathed to K., and it then made the following provision. " And whereas in my said will and in my codicil I have given and bequeath to C. the annually interest during her natural life, which I do hereby declare that the same shall be void, and no heir in my will and codicil, and shall have nothing out of my estate and be paid the same to K., as before mentioned in my will and codicil." *Held,* that K. was a residuary legatee.

2. A decree of the Orphans' Court making a partial distribution of the funds of an estate, is conclusive only as to the funds then distributed.

3. Guenther's Appeal, 4 W. N. C. 41, followed.

March 6th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD J., absent.

Appeal from the Orphans' Court of *Berks county :* Of January Term 1878. Nos. 13 and 96.

Appeal of B. M. Kline from the decree of the court dismissing his exceptions to, and confirming the report of the auditor appointed to make final distribution of the estate of George Seibert, deceased. The testator died in 1866, leaving a will, wherein he bequeathed his residuary estate to several persons, among whom was his sister, whom he variously designated in his will as Christiana and Catharine. Among the provisions of the will was the following :—

" And it is also my will and desire, and I do hereby order and direct that the share of the said Christiana Kline shall remain in the hands of my hereafter named executors. They shall put it on interest and pay her the interest annually during her natural life, and after her death the principal sum to Benjamin Kline and to his heirs and assigns ; and case if he should die without any issues, his share shall be equally divided the same among the other *devetees* and legatees of *residentuary* estate above mentioned."

In a codicil this was changed as follows :—

" I give and bequeath unto Benjamin Kline, the sum of five hundred dollars, to him and to his heirs and assigns for ever. And what I have, heretofore, bequeath in my will to Catharine Grim, Sally Ginder and Benjamin Kline, shall be null and void, and that they shall have not more, as I bequeath in my codicil, the annual interest of Benjamin Kline shall be paid to Catharine Kline, and after her death, the principal to B. Kline."

And in a subsequent codicil testator provided as follows :—

" And further, I give and devise and bequeath the sum of five hundred dollars to Benjamin Kline, to in addition to the first codicil mentioned, to him and his heirs and assigns for ever; but if it should happen that Benjamin Kline should die without any issue, then in that case I give and bequeath his share to the hereafter legatees * * * their heirs and assigns for ever. And whereas, in my said will and in my codicil, I have given and bequeath unto Christiana Kline, the annually interest during her natural life, which I do hereby declare that the same shall be void and no heir in my will and codicil, and shall have nothing out my estate, and be paid the same to Benjamin Kline, as before mentioned in my will and codicil."

An auditor was appointed in 1868 to distribute the fund embraced in the first account of the executors, before whom the appellee claimed to participate in the distribution as a residuary legatee. The auditor reported he was not a residuary legatee under the will and codicils. The final account of the executors was referred to a second auditor in 1876, before whom Kline again claimed a share as residuary legatee; first, in the fund embraced in the account filed in 1868; and second, in the fund for distribution on the final account. He also claimed that there had been no absolute confirmation of the first report.

The auditor reported: "Kline has no claim upon the fund embraced in the first account, and the auditor therefore reports against such claim for the following reasons: Said account was duly referred to an auditor, whose report was presented to the court and duly confirmed August 1868. By said report it appears that B. M. Kline claimed participation in the fund then before the auditor, as a residuary legatee, under the will of George Seibert; that the auditor rejected his claim and reported to the court that he was not a residuary legatee under said will and codicils thereto annexed. No exceptions were ever filed to this report by B. M. Kline, but the same was in due time confirmed absolutely by the court. No bill of review was ever asked, and no appeal was ever taken from such confirmation. Before your auditor, no evidence was produced to show that the executors did not act in accordance with said report, and distribute the money among the parties entitled to the same. Neither was it alleged that any mistake had been made in the first account, nor that the accountants had omitted to charge themselves with any item or items which they had received or ought to have received."

He further reported that Kline was not a residuary legatee. The court, Sassaman, A. L. J., dismissed the exceptions filed by Kline to this report, when he took this appeal.

*Daniel* and *James N. Ermentrout,* for appellant.—The decree of the Orphans' Court, confirming an account, is conclusive only

of the funds therein distributed, and does not bind the court when another account comes up for adjudication : Guenther's Appeal, 4 W. N. C. 41. It did not preclude further inquiry as to whether Kline was a residuary legatee.

The appellant was made a residuary legatee by the will, the payment of his share being postponed until the death of his grandmother, Christiana Kline. The first codicil destroyed this residuary interest and substituted the specific legacy of $500, the income of which was to go to the grandmother, together with the income of the original residuary share in the estate. The second codicil extinguishes the entire provision for Christiana. The first codicil destroyed also the appellant's right to the principal of the share. A full share of the residuary estate, therefore, is undisposed of as to both principal and interest. The testator directs "and be paid the same to Benjamin Kline, as before mentioned in my will and codicil." It was thus intended that the appellant should have the share of the residue bequeathed to him in the will, and the $500 bequeathed to him under each codicil.

*Amos B. Wanner* and *Samuel L. Young*, for appellees.—In confirming the report of the first auditor the court decreed that Kline was not a residuary legatee, and no appeal having been taken therefrom he is concluded : Rhoads's Appeal, 3 Wright 186 ; Shindel's Appeal, 7 P. F. Smith 45 ; McLellan's Appeal, 26 Id. 231. The second codicil having revoked the bequest for Christiana, every interest thereunder fell with it. Thereafter the appellant could have no residuary interest.

Mr. Justice MERCUR delivered the opinion of the court, May 6th 1878.

The first question we will consider is whether the appellant took as a residuary legatee, under the last will and testament of George Seibert ?

By his original will of the 7th of November 1861, the testator disposed of his whole estate. After several specific devises, he devised all his residuary estate to Christiana Kline, and divers other persons named, to be equally divided among them, share and share alike. He further proceeded to say, "it is also my will and desire, and I do hereby order and direct, that the share of the said Christiana Kline shall remain in the hands of my hereafter-named executors. They shall put it on interest and pay her the interest annually during her natural life, and after her death the principal sum to Benjamin Kline and to his heirs and assigns," with remainder over in default of issue. Christiana was a sister of the testator, and Benjamin was her grandson. By the first codicil thereto, dated the 10th of February 1863, he devised to Benjamin Kline, his heirs and assigns, the sum of $500, but declared that the annual

interest thereon should be paid to Catharine Kline, and after her death the principal to Benjamin Kline, and he revoked the devise made to Benjamin in the original will.    Catharine and Christiana were one and the same person.    Benjamin is the appellant.    Thus this codicil took from him the residuary estate given by the original will on the death of his grandmother, and gave him a specific legacy of five hundred dollars; but it also gave to her during life the interest on these $500 in addition to the interest on the residuary estate given her in the original will.

On the 21st February 1866 he executed a second codicil.    He therein refers to the original will, and to the first codicil, each separately, and to certain of the devises given in each.    By this last codicil he devised to Benjamin Kline, his heirs and assigns, the sum of $500, in addition to the sum in the first codicil mentioned. Then referring to the annual interest which he had devised to Christiana in the original will, and also in the former codicil, he proceeds to say, "And whereas in my said will and in my codicil I have given and bequeathed unto Christiana Kline the annual interest during her natural life, which I do hereby declare that the same shall be void, and no heir in my will and codicil, and have nothing out of my estate, and be paid the same to Benjamin Kline as before mentioned in my will and codicil."

It is very evident that these testamentary writings were not drawn by an able lawyer or experienced scrivener, yet we think there is no great difficulty in discovering the intention of the testator.    It is clearly manifest that the testator intended to revoke those portions of the original will and of the former codicil that gave to Christiana the annual interest, during her life, on the funds therein specified.    We think the intent in regard to the. devise to Benjamin is also sufficiently clear.    The testator had in his mind the residuary share mentioned in his first will, as well as the specific legacy in the codicil.    He thus revoked each devise giving annual interest to Christiana.    It remained to make some disposition of the residuary share thus relieved from her life interest.    In his first will he had given it to Benjamin.    In the codicil he had revoked it.    He now desires to reinstate it.    By transposing two words in the last codicil, which will do no violence to its letter or its spirit, the intention of the testator will be more clearly expressed.    This we may do : Schott's Appeal, 28 P. F. Smith 40. The true reading then is, "and the same be paid to Benjamin Kline as before mentioned in my will and codicil."    "The same" to be paid to Benjamin manifestly did not refer to the interest only, but to the principal sums which would produce the interest.    It professed not to take anything from Benjamin's portion, but to add to it.    Never before had he any devise free from the life charge of Christiana.    Now they were discharged therefrom, and so discharged they were both to be paid to him " as before mentioned in

[Kline's Appeal.]

my will and codicil." The language used is fully adequate to give each devise to him relieved from its former charge. There is no legal impediment in the way of giving effect to this instruction. It therefore follows, the learned judge erred in holding that the appellant took no share in the residuary estate.

The other question relates to the effect to be given to the decree of distribution of a portion of the estate, made in 1868. In that distribution the present appellant was represented by counsel. His claim as residuary legatee was presented and disallowed. It is now claimed on his behalf, that the auditor's report, distributing that fund, was not finally confirmed. The auditor appointed to distribute the present fund found as a fact, that it was absolutely confirmed by the court. No sufficient evidence is produced, to show that he erred in thus finding. We must therefore hold the decree of distribution there made to be correct as to the fund distributed: but it is not conclusive as to every question then considered. The precise point arose and was decided in Guenther's Appeal, 4 W. N. C. 41. There, as here, the executors had filed a partial account, showing a fund in their hands. On the distribution thereof Lina Clara Guenther claimed her mother's share, under the will of the testator. The auditor allowed the claim. No exception was filed to the report, and it was confirmed. Payments, in pursuance thereof, were made to her for several years. On the distribution of funds, subsequently acquired by the executors, the conclusiveness of the former decree of distribution was the direct question. She claimed it was conclusive of her right to share in the proceeds. The court below held otherwise and excluded her claim. On appeal this court affirmed the decree, and said, "the prior decree of the Orphans' Court was conclusive only as to the funds then distributed." That, therefore, rules this case. In so far as the appellant was excluded as a residuary legatee, from a share in the fund not included in the former distribution, there was error. To the extent thus indicated the assignments are sustained; the others are without merit.

> Decree reversed at the cost of the appellees, and the record is remitted to the court below, with instructions to decree distribution conformably with this opinion.