The Anthracite Savings Bank, Trustee, William Keller and Joseph Keller *v.* Henry Lees, Oscar M. Lance and Harry G. Marcy, Appellants.

*Estates—Remainders, vested and contingent.*

Where a devise is to one for life with remainder in fee to his children, the estate in remainder is contingent while there are no children born and while it cannot be known that there ever will be any born; but the moment that children are born, there is no longer any contingency, because the condition of the devise is met, and the estate in remainder becomes necessarily vested, and the fact that it may be opened to let in after-born children, does not make the estate in remainder contingent.

*Orphans' court—Jurisdiction—Price act of April* 18, 1853.

The orphans' court has not jurisdiction under the Price act of April 18, 1853, to order a sale of a vested remainder. It cannot decree a sale of the estate of possible after-born children where the remainder has become vested by the birth of children but is liable to open and let in after-born children.

Argued April 15, 1896.  Appeal, No. 290, Jan. T., 1896, by defendants, from judgment of C. P. Luzerne Co., No. 267, Feb. T., 1896, in favor of plaintiffs for want of a sufficient affidavit of defense.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.  Reversed.

Assumpsit for purchase money of real estate.

By the plaintiffs' statement it appeared as follows:

The claim of plaintiffs is the first installment of purchase money, with interest due thereon, upon a contract, and by virtue of proceedings in the orphans' court of said county for the sale of certain real estate in the township of Plymouth, Luzerne county, Pennsylvania.

The land contracted to be sold to the purchasers was part of the estate of Philip Keller, deceased, who died on the 14th day of April, 1886, leaving a will which was probated on the 13th day of May, 1886.  The land in question was devised by the decedent as follows:

"Item:—I give and devise to my sons William Keller and Joseph Keller my farm known as the Homestead Farm, situate in the Township of Plymouth, County of Luzerne, and State of Pennsylvania, for and during their natural lives, to hold as tenants in common, each to have one equal undivided share thereof, and in case of the death of either before the other, then the survivor to have, use and enjoy the undivided one-half thereof during his natural life, and after the death of them, then I give and devise the said farm to the children of my said sons and their heirs, the child or children of each son and their heirs to take the undivided one-half part of the same.  In case of the death of both without children, then it is my will that the land shall descend to my heirs according to the intestate laws of Pennsylvania."

At the time of the death of said Philip Keller neither of said sons, William nor Joseph, were married, nor had children. Since the death of said Philip Keller both sons have married and now have children, as follows, namely: William has three —Claude E., Sheldon R. and Clyde M., all under the age of fourteen years; and Joseph has three—Harry, Laura and Philip, the eldest being seven years of age.

Said Claude E., Sheldon R. and Clyde M. Keller have for

their guardian Joseph Keller,.and said Philip, Harry and Laura Keller have for their guardian William Keller. J. A. Opp, Esq., was appointed guardian, ad litem, to represent the children of Joseph and William Keller now unborn, but who may possibly come into existence and become interested in the said estate. The guardian ad litem accepted notice of the proceedings in the orphans' court.

By an agreement in writing under date of October 24, 1895, and a supplemental agreement in writing under date of December 5, 1895, the said William Keller and Joseph Keller, for themselves and as guardians aforesaid, entered into an agreement in writing and under seal with Henry Lees, Oscar M. Lance and Harry G. Marcy for the sale of the real estate for the price or sum of $13,000, " Provided, that a good and valid fee simple title can be procured through the orphans' court of Luzerne county for the interests of the minors and others who may in the future become interested therein, in which the said William Keller and Joseph Keller as life tenants shall join, so that the title thereby conveyed to the said parties of the second part shall be free and clear of any remainders or executory interests, and indefeasible by any person or persons having a present or expectant interest in the said premises, or who may acquire any future interest therein, and free from all incumbrances. Failing to procure such title, the said parties of the second part, at their option declare this contract void." . . .

After the said contract was made, the said William and Joseph Keller, for themselves as life tenants and also as guardians for their said minor children, presented their petition to the orphans' court of Luzerne county, praying the court for authority to make the sale as agreed upon. In this petition the guardian ad litem for unborn children joined.

On the 18th day of January, 1896, in pursuance of said petition, after reference to an auditor and report thereon made to the said orphans' court, that court made a decree authorizing the sale, and appointed the Anthracite Savings Bank of Wilkes-Barre, Pennsylvania, trustee to execute and deliver the deed to the purchasers and to accept the purchase money and securities therefor, and hold the same subject to the further order of the court. In pursuance of that decree the said trustee, together with the said life tenants, executed a deed in the orphans' court

and tendered the same to the purchasers, and demanded the first installment of the purchase money and execution and delivery to them of the mortgage.

The purchasers refused to take the deed, whereupon the trustee and the life tenants aforesaid brought an action of assumpsit in the court of common pleas of Luzerne county for the first installment of purchase money due with interest, amounting to $1,020.49.

The defendants replied thereto by an affidavit of defense, in which they denied the jurisdiction of the orphans' court to make the sale, claiming that the deed tendered would not convey a marketable title to them.

The court below, LYNCH, J., by order filed, sustained exceptions to the affidavit of defense and made absolute a rule for judgment for want of a sufficient affidavit of defense. Judgment for plaintiffs for $1,020.49. Defendants appealed.

*Error assigned* was making absolute rule for judgment.

*J. Q. Creveling,* with him *D. L. Creveling,* for appellants.— The estate was a vested remainder subject to open and let in after-born children, and the orphans' court had not jurisdiction.

If it does not obtain jurisdiction in a legal manner, it may be impeached collaterally: McKee v. McKee, 14 Pa. 231; Torrance v. Torrance, 53 Pa. 505.

The estates here sought to be conveyed were a life estate in Wm. and Jos. Keller: Miller v. Lynn, 7 Pa. 443; Guthrie's App., 37 Pa. 9, and a vested remainder in such of their children as are now in being, subject to open and let in such children as may be born to either of them hereafter: Smith on Executory Interests 195, 704; Fearne on Remainders, 314; Price on Real Estate Act, 107.

The orphans' court has no inherent powers and depends upon the statutes for its jurisdiction: Schollenberger's App., 21 Pa. 337; 1 Rhone, O. C. Practice, 517.

A vested remainder is not within that jurisdiction: Price on Real Estate Act, 107.

The clause "where any party interested therein is under a legal disability to sell and convey the same," has reference only to persons in esse who are interested but under a disability to

convey, and does not refer to unborn children, for they may never become "persons interested."

*D. L. Rhone*, for appellees, made no oral argument but submitted a paper-book wherein he argued, where no children were born there was a contingency that gave the court jurisdiction. To those who may yet be born the contingency is in fact as great as when none were born.

This is a remedial act and to be literally construed in favor of making real estate "freely alienable and productive to the living owners thereof:" Burtons' App., 57 Pa. 213; Moorhead v. Wolff, 123 Pa. 365.

A sale by the guardian of the children already born under decree of court would not affect the title of after-born children: Tiedeman on Real Property, sec. 402; Adams v. Ross, 30 N. J. 513; Graham v. Houghtalin, 30 N. J. L. 558.

Here the guardians only represent the minors now born and during their minority; while the fund raised by the sale is to remain in trust, 1st, for the life tenants, 2d, for those of their children who may survive them, 3d, for possible reversions. Hence it was proper that a trustee be appointed to make the sale.

OPINION BY MR. JUSTICE GREEN, July 15, 1896:

It is very clear that under the devise contained in the will of Philip Keller, his two sons took a life estate in the land in question as tenants in common, each for the one undivided half of the land, with remainder in fee to the children of each for the share of the parent. It is equally clear that the interest of the children was a vested estate in remainder from the time that children were born. At the time of the death of the testator neither of his sons had any children, and at that time the remainder was certainly a contingent remainder depending on the subsequent birth of children. After the death of the testator both of his sons married and had three children each, all of whom are minors and now living. There is also the possibility of the birth of other children. The case, then, is the very ordinary one of a devise to one for life with remainder in fee to his children. The circumstance that there may be more children born who may be entitled to come in and share the estate, in no

manner affects the character of the estate in remainder. Its
character as a vested estate was established at the birth of the
first child, for then that which was uncertain, and therefore
contingent, became certain and fixed, and the estate in remain-
der under the will became at once a vested remainder, and was
no longer contingent. This conclusion is not at all disputed by
the appellee, but it is claimed that because of the possibility of
the birth of future children, the remainder becomes contingent
as to them, and hence the orphans' court had jurisdiction to
grant the order of sale. The fault of this contention is very
apparent. While there were no children and it could not be
known that there would ever be any the existing condition was
contingent, and it would require the positive fact of children
born to remove the contingency. But the moment that children
are born there is no longer any contingency, the condition of
the devise is met and the estate in remainder becomes necessa-
rily vested. It certainly cannot become again contingent while
there are children living, simply because there is a possibility
that more children may be born in the future. Even as to such
children, if any shall come into being, the law is perfectly well
settled that the remainder will open and let in others who come
within the class before the determination of the particular es-
tate. This rule is thus expressed : " A remainder where it has
vested only in interest and not in possession, will open so as to
let in others who become capable of taking before the remain-
der is actually vested in possession, that is before the determi-
nation of the particular estate. In other words where real
property is limited by way of a remainder to a class of persons,
some or all of whom are unborn ; if any of them come in esse
before the determination of the particular estate, the property
will vest in such person or persons subject to open and let in
the other members of the class who happen to come in esse be-
fore the determination of the particular estate : " Smith on
Executory Interests, 704* ; Fearne on Remainders, 314.

In Fetrow's Estate, 58 Pa. 424, a devise was to Matilda,
" during her natural life, and after her death I give &c., the same
unto her children, their heirs and assigns forever. . . . Should
the said Matilda die without issue as aforesaid, then and in that
event I direct that the real estate bequeathed to her as aforesaid
shall be sold and the proceeds thereof I direct shall be equally

divided amongst the other devisees named in this my last will or their legal representatives." Matilda died after the testator without children. It was held that she took an estate for life with contingent remainder to her children then unborn, which would have vested in them in the first child alone, and opening from time to time to let in others as they were born.

This case is important not only in affirming the general principle of letting in subsequently born children from time to time, but as also deciding that a devise to children then unborn would be changed from a contingent to a vested remainder upon the birth of the first child.

It is not disputed that the authority of the orphans' court under the Price act, does not extend to vested remainders. The author of that act himself says, Price on Real Estate Act, p. 107, " A limitation in a deed or will may be to one for life remainder to his children, he having none at the time which makes the remainder to the children contingent because none might be born ; then one or more are born and the law favors the vesting of contingent remainders at the earliest practical moment; therefore when the first child is born, the whole estate becomes instantly a vested remainder in him, but with a liability to be reduced to one half or less as each other child shall be born. Now the vested remainder will not be within our act unless for minority or other cause than a contingency mentioned in the act, and the question will be whether the shares that might accrue to those who may yet be born can be barred. When none was born, there was a contingency that gave the court jurisdiction; can it have jurisdiction as to the shares of those who may yet be born ? As to them the contingency is in fact as great as it was when none was born. The courts must determine the question whether it is within the spirit and policy of the law."

Notwithstanding the doubt expressed by the learned writer, we are unable to see the difference between this and the ordinary case of a life estate with a remainder in fee to children then unborn, but where children are born during the continuance of the life tenancy. In such case it is beyond all question that the contingent character of the remainder is lost the moment the first child is born and thereafter the whole estate is vested, and simply opens to let in children afterwards born.

As it is clear that the Price act does not embrace the cases of vested remainders, we see no other conclusion to be reached than that the order of sale made in the present case was void for want of jurisdiction. That being so the purchaser was not bound to take the title, and the judgment must therefore be reversed.

Judgment reversed and the rule for judgment for want of a sufficient affidavit of defense is discharged at the cost of the plaintiff.