# Edwards's Estate.*

*Wills—Construction—Remainders—Vested—Contingent—Gift to class—Precatory words—Mandatory words—"Wish"—Rule against perpetuities.*

1. Where an estate is given to a life tenant, with remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children, without regard to the question whether or not a child survives the life tenant.

2. Precatory words in a will when used to express intention to control or direct are mandatory.

3. A vested remainder is not subject to the rule against perpetuities.

4. Testatrix by will provided that each of her four daughters should share equally in the income of her residuary estate, and by codicil provided as to a part thereof that "when the life interest of the present heirs expires, that which is in trust shall go to my grandchildren," and "at the death of each (daughter), her share shall continue in trust for my grandchildren"; and that payments to the grandchildren should be made on the decease of the surviving daughter. There were grandchildren living at the date of the death of the testatrix. Two of the daughters contended that the remainders to the grandchildren were contingent, not supported by prior vested particular estates and therefore failed; and further that they violated the rule against perpetuities. *Held,* (1) the gift in remainder vested in the grandchildren at date of testatrix's death, subject to open to let in all members of the class who might be born during the continuation of the particular estate; and (2) the rule against perpetuities did not apply.

5. In such case where testatrix by codicil provided "where it (a former codicil) directs division of estate accumulated from income during my lifetime, I wish half of that added to the present amount in trust, each daughter to have equal share of income from same, and at the death of each, her share shall continue in trust for my grandchildren," the word "wish" is mandatory and not precatory.

Kountz's Estate, 213 Pa. 390, analyzed and distinguished.

*[It was intended that this case should have been reported with Edwards's Estate, 254 Pa. 159; by an oversight it was omitted— REPORTER.]

Argued Oct. 12, 1915. Appeals, Nos. 57 and 58, Oct. T., 1915, by Mary L. Edwards and Eliza T. Edwards, from decree of O. C. Allegheny Co., Sept. T., 1914, No. 443, dismissing exceptions to adjudication in Estate of Eliza Thaw Edwards, deceased. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Affirmed.

Exceptions to adjudication. Before Miller, J.

The facts appear by the opinion of the Supreme Court.

The court in banc dismissed exceptions to the findings and conclusions of the auditing judge. Mary L. Edwards and Eliza T. Edwards appealed.

*E. E. Kiernan, John D. Brown,* and *John E. Winner,* for appellant.—The remainders to the grandchildren were contingent: Patterson's Est., 247 Pa. 529; Coggins's App., 124 Pa. 10; Kountz's Est. (No. 1), 213 Pa. 390; Carstensen's Est., 196 Pa. 325; Reed's App., 118 Pa. 215.

A gift in remainder to those of a class who may be surviving at a future time at the termination of the future estate is contingent, for until then the remaindermen cannot be ascertained: Johnson's Est., 185 Pa. 179; Gerber's Est., 196 Pa. 366.

Where the remainder is contingent and void under the rule against perpetuities, the antecedent's particular estate also falls and the heirs at law are entitled to immediate possession: Kountz's Est. (No. 1), 213 Pa. 390.

The subject-matter of the trust attempted to be created is too indefinite and uncertain: Woelpper's App., 126 Pa. 562; Reilly's Est., 200 Pa. 288; Lewis's Est., 203 Pa. 219.

The words in the codicil of July 27, 1911, are precatory, not mandatory, and do not create a trust.

*Gordon & Smith,* for appellees.—The remainder to the grandchildren is vested: Keller v. Lees, 176 Pa. 402;

Wetherill's Est., 214 Pa. 150; Packer's Est. (No. 2), 246
Pa. 116.

The words of the second codicil are not precatory, but
mandatory: Pennock's Est.; 20 Pa. 268.

The bequest does not violate the rule against perpetui-
ties: James's Est., 245 Pa. 118; Lawrence's Est., 136
Pa. 354; McClellan's Est., 221 Pa. 261.

OPINION BY MR. JUSTICE POTTER, February 14, 1916:

We have here two appeals from the decree of the
Orphans' Court of Allegheny County, which bring before
us for construction, the will of Mrs. Eliza Thaw Ed-
wards, deceased. The material provisions of the will
which require consideration are found on the first, and
fourth pages, and in the second codicil. On the first
page, she uses this language: "There is to be no immedi-
ate division of my estate, but each one of my four daugh-
ters shall share equally of its income after certain be-
quests are made. I appoint my son-in-law, Charles E.
Dickson, and my daughter, Katherine M. Edwards, my
executors in connection with the Safe Deposit & Trust
Co. of Pittsburgh where half of my estate inherited from
my Father is now in Trust." On the fourth page she
states: "When estate is divided, two years after my
death, all Bonds, Stocks, Money in Banks, &c., shall be
divided share and share alike, except the part in Trust.
......The part of estate now in Trust shall be kept
where it now is, or in some Trust approved by the two
first executors. If change becomes necessary the new
Trust shall become the third executor. When the life
interest of the present heirs expires, that which is in
Trust shall go to my grandchildren." In the second
codicil, dated July 27, 1911, referring to the will, she
goes on to say: "And on 4th page where it directs di-
vision of estate accumulated from income during my life
time, I wish half of that added to the present amount in
Trust, each daughter to have equal share of income from

same, and at the death of each, her share shall continue in Trust for my grandchildren."

Under these provisions of the will, the court below awarded one-half of the balance in the hands of the accountants to the four daughters of testatrix in equal shares, and the remaining one-half to the executors in trust for the purposes specified in the will. Mary L. Edwards and Eliza T. Edwards, two of the daughters of the testatrix, have appealed, and their counsel contend that the entire fund should have been awarded to the daughters of testatrix absolutely, and free from any trust. · In support of their contention, they say that the "remainders sought to be devised by testatrix to her grandchildren are contingent and not supported by prior vested particular estates, and therefore void." The provisions of the will bearing upon this point are, "when the life interest of the present heirs expires, that which is in Trust shall go to my grandchildren," and "at the death of each, her share shall continue in Trust for my grandchildren." It is apparent, therefore, that the bequest was to the four daughters of testatrix for life, with no provision for survivorship and with remainder to the grandchildren as a class. In Wetherill's Est., 214 Pa. 150, we said (p. 153) : "Ample authority is found in support of the proposition that where an estate is given to a life tenant, with remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children, and this without regard to the question of whether or not a child survives the life tenant." In the recent case of Bache's Est., 246 Pa. 276, the rule is again stated by Mr. Justice MESTREZAT, as follows (p. 281) : "Where there is a devise of a life estate followed by a remainder to a class of persons, some or all of whom are unborn, the remainder is contingent until the birth of a member of the class in whom it vests immediately subject to open to let in all members of the class who may thereafter be born during the continuation of the particular estate.

The rule is stated in Smith on Executory Interests, quoted by Mr. Justice GREEN, in Keller v. Lees, 176 Pa. 402 (407), as follows: 'Where real property is limited by way of a remainder to a class of persons, some or all of whom are unborn if any of them come in esse before the determination of the particular estate, the property will vest in such person or persons subject to open and let in the other members of the class who happen to come in esse before the determination of the particular estate.' Had this devise been to the life tenant and the remainder to her children or to the children of another, the remainder would have been contingent until the birth of a child in whom it would have been vested immediately subject to let in after-born children." In Bradley's Est., 166 Pa. 300, a testator gave the sum of $10,000 to his executors in trust to pay the income to his daughter for life and directed that, upon her death, and the payment of a legacy of $3,000, the residue of the trust fund should be equally divided among all testator's grandchildren share and share alike. It was held that the grandchildren took a vested interest from the time of testator's death, subject to be opened to let in after-born grandchildren.

In the case now before us, there were grandchildren living at the date of the death of testatrix, so that in so far as the principle referred to is concerned, the remainder became vested at once. Counsel for appellants, however, call attention to the fact that the principal is not to be delivered to the grandchildren at the death of the testatrix, or at the death respectively of her daughters, but at the death of the survivor of them. They, therefore, contend that the remainders are contingent upon the remaindermen being in existence at the time of the death of the last of the four daughters. In support of this proposition, counsel rely upon the decision in Kountz's Est., 213 Pa. 390. In that case the testatrix gave the estate to her executor, upon an active trust, during the lives of her children, and provided finally: "After the

decease of the last of my immediate children and the lapse of ten years from the date when my youngest grandchild shall have become of age, the principal of the whole estate shall be equally divided among my grandchildren." It was held that the remainders to the grandchildren were contingent and that the clause quoted violated the· rule against perpetuities. The decision there was based upon three reasons. First, that the estate was vested in the trustee, not in the children or grandchildren, there being no direct or explicit gift to them, but only a direction to divide the principal among them at some future time. In the case at bar it is provided in the original will that the portion of the estate in trust, on the expiration of the life interest "shall go to my grandchildren." The gift is direct, no trustee being interposed. It is true that in the second codicil it is provided that at the death of each daughter, "her share shall continue in Trust for my grandchildren." But this we think had reference to the time of payment and not to the present passing of an interest to the grandchildren to be enjoyed in the future. The point is not directly before us, but we see no reason to differ with the court below in its conclusion that the language of the codicil did not create a technical trust, but only a use which the statute would execute. Words of restriction are lacking.

Another basis for the ruling in Kountz's Estate, was that the gifts of income to the grandchildren there, were not in the same proportion as the gifts of principal. In the one instance it was per stirpes, in the other per capita. Here, there is no gift of income to the grandchildren, unless it is to be implied from the words "her share shall continue in Trust for my grandchildren." But in that event the income would go to the testatrix's grandchildren per capita, in the same manner as the principal. Therefore, that particular reason which was persuasive in holding the remainders to be contingent in Kountz's Estate, does not apply in the present case, there

364　　　　　　　　EDWARDS'S ESTATE.

being here no separate gifts of income and principal, after the life interests terminate.

Another, and perhaps the controlling reason for holding the remainders in Kountz's Estate to be contingent, was that the grandchildren there were not entitled to immediate possession of their interests upon the termination of the particular estates. We there said (p. 398) : "In the present case the particular estate is the life estate of the immediate children of testatrix. If this estate were to terminate immediately, would the remainder in the grandchildren take effect immediately? Clearly not, by reason of the limitation to that future date, ten years from the time when the youngest grandchild shall have become of age. · The remainder in the grandchildren is subject to this condition precedent, that it is only after the death of the last of the immediate children and the lapse of ten years from the date when the youngest grandchild shall have become of age, that the remainder to the grandchildren can take effect in possession. As a result, then, of this test, we must conclude that the estate in the grandchildren is a contingent remainder. The bequest is to the grandchildren as a class, living at a certain time, that is, after the death of the last of the children and ten years after the youngest grandchild shall become of age. The existence of a particular grandchild at that future date is a condition precedent to his right to participate in the division of the corpus of the estate."

In the case at bar there is no postponement of possession by the grandchildren after the termination of the particular estate by the death of the survivor of the four daughters of testatrix. If that event should occur today, the grandchildren would be entitled to immediate possession. There is no gap, as there was in Kountz's Estate, between the close of the particular estate, and the estates in remainder. The result of the application of this test in the present case is to show that the remainders are vested.

Counsel for appellants urge also, that the will does not make the subject-matter of the trust sufficiently definite and certain to be ascertained. The will is holographic and is inartistic, but we think that the testatrix has made fairly apparent her intention that the fund left in trust for her by her father during the term of her life, with power of appointment to her by will, should be held in trust for her daughters for life, with remainder to her grandchildren; and that by the codicil she added to this fund the one-half of her own estate. The latter she described as "accumulated from income during my life-time," which no doubt was the case, and she says that it includes "all Bonds, Stocks, Money in Banks, &c." The subject-matter of the trust was, therefore, the original trust fund and one-half of the estate given to her outright, with its accumulations. It would seem, therefore, that in making distribution, the amount of the trust fund should first have been deducted from the amount on hand, and awarded in trust, together with one-half the balance remaining. Instead of doing this, the court below awarded one-half of the entire fund for distribution to the daughters absolutely in equal shares, and awarded the other half in trust. This distribution favored the present appellants, however, and its correctness is not here disputed, so that the question of the exact amounts awarded is not before us.

With reference to the use by the testatrix of the word "wish" in the second codicil, we have no doubt that it is to be considered as mandatory. The rule is well established that precatory words in a will when used to express intention to control or direct are mandatory. See Stinson's Est., 232 Pa. 218 (221), and cases there cited.

A vested remainder is not subject to the rule against perpetuities. But in the present case, even if the interests of the grandchildren were contingent, they would have vested within the time limited by the rule. From the findings of fact, it appears that the daughters of tes-

tatrix were all in being not only at the date of her death, but also at the death of her father, William Thaw. The most remote period at which the interests of the remaindermen could vest would be upon the death of the survivor of the daughters of testatrix, who was in being when William Thaw died. That time would be at least twenty-one years within the period allowed by the rule.

The assignments of error are overruled, and in so far as the questions raised therein are concerned, the decree of the Orphans' Court is affirmed, and these appeals are dismissed at the cost of appellants.