## Dickson et al. *v.* Edwards et al.

*Wills—Presumption—Disposition of whole estate—Construction of will—Disinheriting heir.*

1. A testator is presumed to have intended to dispose of all of his property.

2. The prospective heir to real estate can be disinherited only by express words, or by necessary implication arising from them.

3. A will makes no disposition of the testatrix's real estate, where the only reference to the real estate is in connection with the expression of a wish that some amicable arrangement might be made after testatrix's death to have her grandchildren brought up in the old home. In the absence of a devise of the particular piece of real estate in question, such arrangement could be made only by her heirs to whom it would descend.

Submitted Oct. 17, 1918. Appeal, No. 89, Oct. T., 1918, by trustees under the will of Eliza T. Edwards, from decree of C. P. Allegheny Co., July T., 1916, No. 2402, in equity, rendered in proceedings for partition of real estate in the case of Burd B. E. Dickson et al. *v.* Eliza E. Edwards et al. Before Brown, C. J., Frazer, Walling, Simpson and Fox, JJ. Affirmed.

Bill in equity for partition of real estate. Before Shafer, J.

The case turned upon the interpretation of the will of Eliza Thaw Edwards, deceased. The court found that the trust created by the will was confined to one-half of the personal estate and did not include one-half of the real estate, and so decreed. The trustees appealed.

*Errors assigned* were the conclusions of law and the decree of the court.

*William Watson Smith,* with him *Gordon & Smith,* for appellants.—The use of the word "estate" in the will signified both real and personal: Turbett *v.* Turbett, 3

Yeates 187; Hofius v. Hofius, 92 Pa. 305; Lewis' App., 108 Pa. 133; Campbell v. Campbell, 37 Wis. 206, 215.

The law presumes that a testator intends to dispose of all his property: Striewig's Est., 169 Pa. 61; Miller's App., 113 Pa. 459.

*John E. Winner,* with him *John D. Brown* and *E. E. Kiernan,* for appellees.—Where the meaning of the will as expressed and the intentions of the testator are doubtful, the court will follow the general rules of inheritance.

The real estate did not pass under the will: Howe's App., 126 Pa. 233; Turbett v. Turbett, 3 Yeates, 187; Levy's Est., 161 Pa. 189; Miller's Est. (No. 1), 26 Pa. Superior Ct. 443.

OPINION BY MR. CHIEF JUSTICE BROWN, January, 4, 1919:

Eliza Thaw Edwards died May 13, 1912, testate, leaving to survive her four daughters, Burd B. E. Dickson, wife of Charles E. Dickson, Katherine M. Edwards, Eliza T. Edwards and Mary L. Edwards, and five grandchildren, children of Mrs. Dickson, one of whom has since died. The will of Mrs. Edwards is dated August 8, 1906, and to it she added two codicils, the first dated August 4, 1908, and the second July 27, 1911. She named as her executors her daughter, Katherine, her son-in-law, Charles E. Dickson, and the Safe Deposit and Trust Company of Pittsburgh, to whom letters testamentary were duly granted. They were also appointed testamentary trustees. The testatrix died seized in fee of certain pieces of real estate situated in the City of Pittsburgh, and on June 30, 1916, Mrs. Dickson, Katherine M. Edwards, (two of her daughters), and the three trustees filed a bill for their partition, averring that under the will of Mrs. Edwards one-half of her lands had passed to her four daughters and the other half became part of a trust estate created by her ultimately to be divided among the grandchildren. The defendants named in the bill

were Eliza T. Edwards, Mary L. Edwards, (the other two daughters of the testatrix), and the four minor children of Mrs. Dickson, for whom a guardian ad litem was appointed. The answer of the two daughters was that their mother had made no disposition of her real estate, and as to it had died intestate. This was sustained by the learned court below, and from its decree, that each of the four daughters is entitled to an undivided one-fourth of the real estate of their mother, the testamentary trustees have appealed.

The will of the testatrix and the codicils contain various bequests, but the following are the only provisions to be considered in determining whether she made any disposition of her real estate: "There is to be no immediate division of my estate, but each one of my four daughters shall share equally of its income after certain bequests are made. I appoint my son-in-law Charles E. Dickson and my daughter Katherine M. Edwards my executors in connection with the Safe Deposit and Trust Co. of Pittsburgh where half of my estate inherited from my Father is now in Trust." (From first page of will.) "When estate is divided, two years after my death, all Bonds, Stocks, Money in Banks, &c., shall be divided share and share alike, except the part in Trust. I would like to have my grandchildren brought up in our old home, and wish some amicable arrangement could be made to that effect. The part of estate now in Trust shall be kept where it now is, or in some Trust approved by the two first executors. If change becomes necessary the new Trust shall become the third Executor. When the life interest of the present heirs expires, that which is in Trust shall go to my grandchildren." (From fourth page of will.) "A clause of my will reads 'I would like to have my grandchilden brought up in our old home' and my thought was that Burd & May might live together in our old home and Lidie and Mary keep house in the house built for their Brother W. T. E. They have shown less attachment for our old home, and will probably be

away more or less." (From first codicil.) "And on 4th page where it directs division of estate accumulated from income during my lifetime, I wish half of that added to the present amount in Trust, each daughter to have equal share of income from same, and at the death of each, her share shall continue in Trust for my grandchildren." (From second codicil.)

In Edwards's Est., 255 Pa. 358, with the same will and the second codicil to it before us, the question was as to the disposition made by the testatrix of her personal property, and the decree of the court below, which was affirmed, was that she had placed one-half of her personal estate in trust for the benefit of her daughters for life, with remainder to her grandchildren. Her real estate was not involved in the adjudication of the account of the executors which was brought up on the appeals.

The presumption is that Mrs. Edwards in making her will intended to dispose of all her property: Miller's App., 113 Pa. 459; Striewig's Est., 169 Pa. 61; but while this is so, it is equally true that a prospective heir to real estate can be disinherited only by express words, or by necessary implication arising from them. Conjecture or uncertainty will not disinherit him: DeSilver's Est., 142 Pa. 74; McGovran's Est., 190 Pa. 375; Shaner v. Wilson, 207 Pa. 550; Simpson's Est., 245 Pa. 244. In the will of Mrs. Edwards the only reference made by her to her real estate is in connection with the expression of a wish that some amicable arrangement might be made after her death to have her grandchildren brought up in the old home. An arrangement to be made by whom? In the absence of any devise of that particular piece of real estate, such arrangement could be made only by her heirs, to whom it would descend. True, she speaks of the division of her estate, and the word "estate" is sufficiently comprehensive to include land; but there is no gift of an estate to any one to be found in the will. This, without more, would call for an affirmance of the decree of the court below. But in the reference just noted, which the testatrix

made to a certain portion of her real estate, there is to be found evidence of her intention that no interest in her lands should become part of the trust which she created, for how could she reasonably have expected that her express wish could be given effect with one-half of her real estate, or the proceeds of the sale thereof, under the control of the trustees? Manifestly the thought, to which she gave expression in the nature of a mere wish, was that her four daughters, who would become the owners of her real estate upon her death, might, in deference to her request to them, make an arrangement by which her old home would become the home of designated grandchildren. This is inconsistent with any intended testamentary disposition of her real estate, and it is, therefore, for the four daughters alone to determine whether the wish of their mother is to be heeded.

Decree affirmed at appellants' costs.