ESTATE OF BURD BLAIR EDWARDS DICKSON, DECEASED, PEOPLES FIRST NATIONAL BANK & TRUST COMPANY, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19369. Promulgated September 19, 1949.

*David B. Buerger, Esq.,* for the petitioner.
*A. W. Dickinson, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $57,476.34 in estate tax. The only issue is as to the value for estate tax purposes of the decedent's one-tenth remainder interest in the corpus of a trust established under the will of her mother. The parties have filed a stipulation of facts and in addition the petitioner offered the opinions of two lawyers as to value.

The decedent died on March 30, 1944. The estate tax return was filed with the collector of internal revenue for the twenty-third district of Pennsylvania.

Eliza Thaw Edwards died a resident of Pennsylvania on May 13, 1912. She was survived by four daughters, the present decedent, Katherine M., Lidie T. and Mary L. Edwards, the latter three re-

maining unmarried. The decedent had five children, all born prior to and living at the time of the death of Eliza Thaw Edwards. Eliza left a will and two codicils, all holographic. She provided that there was "to be no immediate division of my estate, but each one of my four daughters shall share equally of its income after certain bequests are made," and "When the life interest of the present heirs expires, that which is in Trust shall go to my grandchildren." She also provided in the last codicil "And on 4th page where it directs division of estate accumulated from income during my life time, I wish half of that added to the present amount in Trust, each daughter to have equal share of income from same, and at the death of each, her share shall continue in Trust for my grandchildren."

Eliza Thaw Dickson, one of the grandchildren, died a minor on April 6, 1914. She was survived by her mother (the decedent) and father (Charles E. Dickson) and their four other children.

The executors of the estate of Eliza Thaw Edwards filed their first and final account in the Orphans' Court of Allegheny County, Pennsylvania, on August 7, 1914. The executors took the position that the will had created a trust estate for the lives of the four daughters. Lidie T. Edwards and Mary L. Edwards contended that the entire fund in the hands of the executors should be awarded to the four daughters absolutely and free from any trust. Judge Miller of the orphans' court held that the will created a trust.

Judge Miller, knowing that one grandchild had died after surviving Eliza, also held that Eliza "gave an absolute estate to her grandchildren in the trust fund, after the life estate in her daughters had expired," "the estate as a whole is vested in the grandchildren subject to the life estate in the daughters," and "each daughter's share is vested in all the grandchildren."

Exceptions were filed by Lidie and Mary. The decree of Judge Miller was affirmed by the court in banc on December 24, 1914. Lidie and Mary appealed to the Supreme Court of Pennsylvania. That court affirmed the decree on February 14, 1916, in an opinion reported at 255 Pa. 358 (99 Atl. 1010).

The court, knowing that one grandchild had died after surviving Eliza, quoted with approval from *Wetherill's Estate*, 214 Pa. 150: "Ample authority is found in support of the proposition that where an estate is given to a life tenant, with remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children, and this without regard to the question of whether or not a child survives the life tenant." It said the remainders were vested.

Lidie T. Edwards died on March 3, 1938. The trustees filed their account in the orphans' court for the purpose of procuring a decree of

distribution of the one-fourth of the trust property held in trust for Lidie during her life. President Judge Trimble, pursuant to his opinion of October 19, 1938, decreed distribution of the one-fourth of the property to trustees under an assignment of the four living grandchildren dated September 23, 1938.

The trustees under the will of Eliza filed their account in the orphans' court for the purpose of procuring a decree of distribution of the trust property held in trust for Burd during her life, i. e., one-third of the remaining trust property. Judge Boyle on October 25, 1944, decreed distribution of the one-third of the property to trustees under an assignment of the four living grandchildren. No exceptions were filed to the decree.

Charles E. Dickson, one of the trustees under the will of Eliza Thaw Edwards, and the husband of the decedent, died on June 15, 1945. The surviving trustees filed their account in the orphan's court. They included in the account through inadvertence the assets which had been distributed to the four grandchildren pursuant to the decrees of October 19, 1938, and October 25, 1944. The error arose because the grandchildren had used the assets to create new trusts of their own with the same trustees. Mary L. Edwards died on November 24, 1945, before the audit of the account. The audit of the account was then continued to permit the trustees to seek a decree of distribution of the remaining one-half of the trust property held in trust for Mary during her life. The four surviving grandchildren on April 23, 1946, filed exceptions to the account on the ground that it included assets which were not a part of the trust fund held by the trustees under the will, but were assets of the grandchildren themselves. The orphans' court sustained the exceptions on May 3, 1946, and found that it had no jurisdiction over the assets decreed by the court on October 19, 1938, and October 25, 1944, free and discharged of all trusts imposed by the will of Eliza Thaw Edwards. The trustees were directed to prepare and file a supplemental account accordingly. No appeal was taken from the decree of May 3, 1946.

The trustees on May 15, 1946, filed a revised account, from which they excluded the assets decreed by the orphans' court on October 19, 1938, and October 25, 1944. Judge Boyle, on April 7, 1948, pursuant to his opinion of that date, decreed distribution of the property held in trust for Mary during her life in five equal shares, one to each of the four living grandchildren and one to the trustee under the will of Charles E. Dickson. The four grandchildren filed exceptions to the decree on April 15, 1948. The exceptions were dismissed by the court in banc on May 12, 1948. The grandchildren appealed to the Supreme Court of Pennsylvania, which affirmed the decree on November 16, 1948, in an opinion reported at 360 Pa. 504 (62 Atl. (2d) 763). The court said the trustee under Charles E. Dickson's will "claimed one-

tenth of the balance shown by the account, contending that the gift in remainder vested in the grandchildren, as a class, including Eliza T. Dickson, the deceased grandchild; that upon her death, Burd B. E. Dickson and Charles E. Dickson, her parents and heirs at law, became the owners of her one-fifth remainder interest; and that upon the death of his wife Charles E. Dickson became the sole owner as surviving tenant by the entirety." It further stated:

This is the fourth occasion this Court has had to consider the will of Eliza Thaw Edwards, and the second occasion involving the above-quoted provisions.[1] Were we not bound by what has already been decided, we would be obliged to conclude that the legal effect of the language used by testatrix was the limitation of a vested remainder to the grandchildren in esse at her death, as a class, subject to open and let in after-born grandchildren. See *Bradely's Estate*, 166 Pa. 300, 31 A. 96; *Keller v. Lees*, 176 Pa. 402, 35 A. 197; *Wetherill's Estate*, 214 Pa. 150, 63 A. 406; *Bache's Estate*, 246 Pa. 276, 92 A. 304; *Overbrook Heights Building & Loan Association v. Wilson*, 333 Pa. 449, 5 A. 2d 529; 1 Simes Future Interests, Section 76 (1936); 3 Page, Wills, Section 1265 (3rd ed. 1941). However, it is evident that what present appellants are trying to do is to relitigate a question of construction decided by this Court, in *Edwards' Estate*, 255 Pa. 358, 99 A. 1010, over thirty years ago.

The court then quoted with approval from the earlier opinion to hold that the deceased grandchild took her share. The Supreme Court refused reargument on January 3, 1949.

The value of the principal of the property still held in trust for three daughters of Eliza Thaw Edwards and remaining undistributed was $989,007.89 on March 30, 1944. The one-fourth of the property which had been distributed under the decree of October 19, 1938, was still intact as corpus of the trust created pursuant to the assignment made by the four grandchildren.

"The value on March 30, 1944 of an interest in remainder in one-tenth of the property subject to the trust for the lives of the four daughters of Eliza Thaw Edwards, without adjustment in such value because of the uncertainty as to such interest as contended for by petitioner, was $110,958.78, computed as follows:

(a) A one-tenth interest which had been subject to the trust for Lidie during her life: $32,966.93.

(b) A one-tenth interest which had been subject to the trust for Burd during her life: $32,966.93.

(c) A one-tenth interest still subject to the trust for Mary during her life: $20,966.97.

(d) A one-tenth interest still subject to the trust for Katherine during her life: $24,057.95."

The Commissioner, in determining the deficiency, included in the gross estate of the present decedent one-half of the one-fifth interest in the Eliza Thaw Edwards trust which the decedent and her husband received as heirs of their deceased daughter, Eliza Thaw Dickson. He now seeks to reduce the value of that one-tenth interest

---

[1] The earlier cases are: *Edwards' Estate*, 254 Pa. 159, 98 A. 879; *Edwards' Estate*, 255 Pa. 358, 99 A. 1010; *Dickson v. Edwards*, 263 Pa. 364, 106 A. 634.

to the stipulated amount of $110,958.78. The petitioner concedes that the value of the one-tenth interest should be included in the gross estate, but contends that its value for present purposes was only about $23,500.

The petitioner argues that the reasonable probabilities at the date of the death of the decedent of the outcome of litigation concerning her ownership of the property must be taken into consideration in valuing her interest in the property for estate tax purposes. The argument is based upon the facts that Judge Trimble had directed distribution to the grandchildren only four ways in 1938 after Lidie's death and Judge Boyle did likewise in 1944 after the decedent's death, and not until 1948 did Judge Boyle and the Supreme Court of Pennsylvania set the parties straight. The petitioner introduced the testimony of two lawyers to the effect that they did not anticipate at the death of the decedent that such a holding would be made, but appraised the possibilities of such a holding at about one chance in four. They had been familiar contemporaneously with the facts and they had had their own opinions of what the law was. Cases are cited involving clouds on title to property or litigation in progress at the valuation date.

The orphans' court and the Supreme Court of Pennsylvania had decided prior to the death of the decedent that Eliza Thaw Edwards had created a valid trust for the lives of her daughters and that title to the trust property was vested in the grandchildren, to all of whom she had given the remainder interest. The question of the right of the deceased grandchild to a share had not been separately presented to the courts, but the courts knew that one grandchild had died and used language, quoted above, to the effect that that grandchild had a vested interest. The witnesses apparently thought it was vested, subject to be divested by her death during the life estates. But their appraisal of the probability of that view being taken by the court is not convincing in the light of the stipulated facts. Nor is Judge Trimble's mistake, which may have been an oversight, a sound basis for devaluing the interest in question. The question of the decedent's interest in the remainder was not in litigation at the time of her death and, as soon thereafter as attention was focused upon it, the courts promptly, unanimously, and consistently held that the deceased child had an interest which went through her to her surviving parents. Even if a lesser value were proper under any circumstances (cf. *Helvering* v. *Hallock*, 309 U. S. 106; *Commissioner* v. *Estate of Church*, 335 U. S. 632; *Estate of Spiegel* v. *Commissioner*, 335 U. S. 701; *Heiner* v. *Hewes*, 30 Fed. (2d) 787), no reduction is justified by the present record. The gross estate should include the stipulated amount of $110,958.78.

*Decision will be entered under Rule 50.*