## Mengel Estate

*R. Solomon Bear* and *Derr, Hawman & Derr*, for petitioners.

*Morgan D. Reinhold* and *Richard A. Adams*, for respondent.

MUTH, P. J., September 27, 1958—Joseph Mengel and Charles Mengel, executors of the Irwin M. Mengel estate, have presented their petition for declaratory judgment. Their petition sets forth that they are the executors of the estate of Irwin M. Mengel, deceased, who died testate on April 9, 1938, owning certain real

estate situate in Upper Bern Township, Berks County, that the last will and testament of the said decedent provided in substance for a life estate to the widow of decedent, viz., Lucy Mengel, with remainder after her death to the children of decedent. The will furthermore contains a power of sale to the executors as follows:

"I hereby authorize and empower my hereinafter named Executors to sell my real estate whenever necessary and execute deed or deeds to the purchaser or purchasers thereof."

The petition further avers that on or about August 5, 1956, a certain agreement was executed by all of the children of decedent in the following form:

"We as the children agreed that if Earl and Mamie Brown would pay the Funeral Expenses & they can have the home."

This agreement is signed by all of the children of decedent. The petition alleges that three of these children, viz., Katie R. Berger, Mary A. Dietrich and Mabel M. Hollenbach, have notified petitioners that they do not consider themselves bound by the said agreement and petitioners ask this court in a declaratory judgment to pass upon the validity of the said agreement and to direct a conveyance of the real estate to Mamie Brown and Earl H. Brown, her husband.

In an opinion dated May 4, 1957, it has been decided that this court has jurisdiction of the petition and we shall now determine whether or not petitioners are entitled to the judgment prayed for.

There is no record in this case, no testimony having been presented and no hearing having been held. We are therefore limited to the petition and answer and the agreement in question. It does not appear, therefore, under what circumstances the children of dece-

dent executed the writing, which is undated but which petitioners aver was executed on or about August 5, 1956. From the agreement itself it does not appear what funeral expenses Mr. and Mrs. Brown were to pay nor what additional consideration, if any, is indicated by the "&", nor is there any specific reference to the real estate concerned except the use of the words "the home."

As has already been indicated, the executors of the estate of this decedent were given a power of sale in the will of decedent. We have not been informed why three of the children of decedent have changed their minds nor do we have any information in this record as to the value of the real estate concerned. It is clear, however, that the executors and petitioners in this instance do possess a power of sale to sell the real estate of decedent, a power given to them by decedent under the terms of his will. In the absence of specific circumstances, therefore, the orphans' court does not have authority to approve such sale and direct a conveyance. This is particularly true where the record is devoid of evidence as to the circumstances surrounding the exection of the agreement in question. The prayer of the petition therefore amounts simply to a request for an advisory opinion as to the legal effect of the agreement aforementioned. Under the circumstances we are not in a position to furnish such an opinion and must deny the request for a declaratory judgment. The executors of decedent and petitioners are not without power to dispose of the real estate in question and to account for the proceeds of the sale thereof in accordance with the normal method of administration of decedent's estate. See Edwards Estate 360 Pa. 504.

Therefore, September 27, 1958, the petition for a declaratory judgment is hereby dismissed.